UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JEFFREY NATHAN LEWIS,                           Case No.: 3:11-CV-1458-AC

                Plaintiff,                    OPINION AND ORDER

      v.

FEDERAL AVIATION ADMINISTRATION,
VICTORIA B. WASSMER, TIMOTHY F.
KUBIK, and DOUGLAS C. TAYLOR,

                Defendants.
_____

ACOSTA, Magistrate Judge:

*Opinion and Order*

      Plaintiff Jeffrey Nathan Lewis, who is appearing *pro se* ("Lewis"), filed this action against

the Federal Aviation Administration ("Administration"), and Administration employees Victoria B.

Wassmer, Timothy F. Kubik, and Douglas Taylor ("Individual Defendants")(collectively

Page 1 - OPINION AND ORDER                                      *{SIB}*

"Defendants"), alleging violations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendants now move to dismiss the claims against the Individual Defendants for lack of subject matter jurisdiction under Rule 12(b)(1). Lewis, who at the time of conferral reserved the right to oppose the motion to dismiss after reviewing the motion and accompanying memorandum, has not filed any opposition with the court. The court finds that FOIA creates an action against federal agencies only and grants Defendants' motion to dismiss.

*Legal Standard*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure confronts the court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). The court must accept as true all factual allegations found in the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Plaintiff bears the burden of proof that jurisdiction exists. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

cannot be cured by amendment.  *Karim-Panahi*, 839 F.2d at 623-624.

*Discussion*

FOIA states, in part, that each governmental agency " upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the record promptly available to any person."  5 U.S.C. § 552(a)(3) (2010).  If the governmental agency fails to comply with the terms of FOIA, federal courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. 552(a)(4)(B) (2010).

While the Ninth Circuit has not expressly addressed the issue, the general consensus among federal courts is that only a federal agency, and not federal officials, can be sued under FOIA.  See *Hardy v. Daniels*, No. CV05-955-MO, 2006 WL 176531, at *3 (D. Or. Jan. 23, 2006), citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit again an individual employee of a federal agency."); *Bay Area Lawyers Alliance for Nuclear Arms Control v. Dept. of State*, 818 F. Supp. 1291, 1294 (N.D. Cal 1992)("[U]nder the FOIA, only agencies are proper parties to FOIA actions."); *Johnson v. C.I.R.* 2002 WL 31934162, at *7 (W.D. Wash. 2002) ("Individual agency employees are not proper party defendants in FOIA actions.").  When an improper defendant is named in a FOIA action, the court may dismiss that defendant with prejudice.  *Hardy*, 2006 WL 176531, at *3.

This court lacks subject matter jurisdiction over Lewis's claims against the Individual Defendants, which are based solely on violations of FOIA.  Any attempt to amend the complaint with regard to these claims and the Individual Defendants would be futile.  Accordingly, the

Individual Defendants is dismissed with prejudice and their names stricken from the caption of the complaint.

*Conclusion*

Defendants' motion (#5) to dismiss the Individual Defendants is GRANTED. The Individual Defendants are dismissed with prejudice and the Clerk is order to strike their names from the caption.

DATED this 17th day of May, 2012.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge